UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

CARLOS CRUZ,

                                Plaintiff,

    -against-

THE CITY OF NEW YORK; DAVID MARTINEZ;
and JOHN and JANE DOE 1 through 10, individually
and in their official capacities (the names John and
Jane Doe being fictitious, as the true names are
presently unknown),

                              Defendants.

-------------------------------------------------------------------X

***COMPLAINT AND
JURY DEMAND***

ECF CASE

Docket No.
1:15-cv-9418

Plaintiff Carlos Cruz, by his attorney Cary London, Esq. of London Indusi, LLP, for his complaint against the above Defendants alleges as follows:

## PRELIMARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments, in addition to violations of the Laws of the State of New York.

2. The claim arises from an April 9, 2015 incident in which defendants, acting under color of state law, unlawfully detained and arrested Mr. Cruz for no valid reason. Mr. Cruz was deprived of liberty for approximately 4 hours, and was released with a Desk Appearance Ticket. The District of Attorney of New York County Declined to Prosecute Mr. Cruz's case.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendant jurisdiction.

## VENUE

6. Venue is laid within the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7. Plaintiff Carlos Cruz ("Mr. Cruz") resided at all times in New York County, in the City and State of New York.

8. The Defendant City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.

9. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives and supervisory officers as well as the individually named Defendants herein.

10. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

11. Defendant David Martinez ("Martinez") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee

of the City of New York. Defendant Martinez was, at the time relevant herein, a Police Officer

under Shield # 6624 in the Transit District 1. Defendant Martinez is sued in his individual capacity.

12. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers,

detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time,

Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1

through 10.

13. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as

agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane

Doe 1 through 10 are sued in their individual and official capacities.

14. At all times here mentioned Defendants were acting under color of state law, to wit,

under color of the statutes, ordinances, regulations, policies, customs and usages of the City and

State of New York.

15. Within 90 days of the events rising to these claims, Plaintiff filed written notices of

claim with the New York City Office of the Comptroller.

16. Over 30 days have elapsed since the filing of those notices, and this matter has not been

settled or otherwise disposed of.

17. This action has been commenced within one year and ninety days after the happening of

the events upon which the claims are based.

## FACTUAL CHARGES

18. On April 9, 2015, at approximately 2:00 p.m., Mr. Cruz was on the MTA Subway 1

Line at the 23rd Street Stop in New York, New York.

19. Mr. Cruz was not violating any local law or ordinance.

20. Defendants, including Defendant Martinez, unlawfully stopped Mr. Cruz on the train.

21. Defendants ordered Mr. Cruz to step off the train.

22. Mr. Cruz obeyed Defendants' orders and stepped off the train onto the subway platform.

23. Defendants grabbed Mr. Cruz's arm, turned him around, and unlawfully put handcuffs on him on the subway platform.

24. At no point did the Defendants observe Mr. Cruz commit any crime or offense.

25. Defendants searched Mr. Cruz without his permission or authority.

26. No contraband or anything of illegality was found on Mr. Cruz.

27. Defendants unlawfully handcuffed and arrested Mr. Cruz.

28. The Defendants had no probable cause or reasonable suspicion to arrest Mr. Cruz.

29. The Defendants took Mr. Cruz to the Transit Precinct cell area and placed him in a jail cell.

30. Mr. Cruz did not resist arrest.

31. After multiple hours in a jail cell, Defendants released Mr. Cruz with a Desk Appearance Ticket for Criminal Possession of Stolen Property.

32. Mr. Cruz spent approximately $1500 on legal counsel for the Desk Appearance Ticket.

33. On the first court appearance, the New York County District Attorney's office dismissed the case and declined to prosecute the case.

34. During all of the events described, the individual Defendants acted maliciously and with intent to injure Plaintiff.

35. At all times relevant hereto, Defendants were involved in the decision to arrest Plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Plaintiff without probable cause.

36. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages: a violation of his rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, violation of New York State law, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of liberty, legal expenses and harm to reputation.

## FIRST CAUSE OF ACTION
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

37. The above paragraphs are here incorporated by reference as though fully set forth.

38. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

39. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION
False Arrest Under
42 U.S.C. § 1983 Against Individual Defendants

40. The above paragraphs are here incorporated by reference as though fully set forth.

41. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

42. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

43. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

44. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law Against All Defendants

45. The above paragraphs are here incorporated by reference as though fully set forth.

46. Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

47. Plaintiff was conscious of his confinement.

48. Plaintiff did not consent to his confinement.

49. Plaintiff's arrest and false imprisonment was not otherwise privileged.

50. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

51. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

52. The above paragraphs are here incorporated by reference as though fully set forth.

53. By their conduct, as described herein, Defendants are liable to Plaintiff for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

54. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted.

55. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for Plaintiff's arrest, yet Defendants continued with the prosecution, which

was resolved in Plaintiff's favor.

56. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Malicious Prosecution Under
New York State Law Against All Defendants

57. The above paragraphs are here incorporated by reference as though fully set forth.

58. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted.

59. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for Plaintiff's arrest, yet Defendants continued with the prosecution, which was resolved in Plaintiff's favor.

60. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

61. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

62. The above paragraphs are here incorporated by reference as though fully set forth.

63. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

64. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth

Amendments.

65. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

66. The above paragraphs are here incorporated by reference as though fully set forth.

67. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging Mr. Cruz committed unlawful acts.

68. The individual Defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

69. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

70. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CAUSE OF ACTION
Negligent Hiring/Training/Retention Under
New York State Law Against City of New York

71. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

72. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

8

73. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

74. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

75. Upon information and belief, Defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

76. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e) Granting such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury.

Dated: November 29, 2015
      Brooklyn, New York

Respectfully submitted,

      /s/ Cary London, Esq.
*Cary London, Esq.*
Bar Number: JI6499

Attorney for Mr. Cruz
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax
Cary@LondonIndusi.com